IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER BETTENCOURT,

    Petitioner,                    No. CIV S-07-2246 FCD DAD P

    vs.

MIKE KNOWLES, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

         Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 3, 2007, the undersigned ordered respondent to file a response to the petition. On January 2, 2008, respondent filed a motion to dismiss on the grounds that petitioner failed to exhaust his state judicial remedies. On January 24, 2008, petitioner filed opposition to the motion and thereafter respondent filed a reply.

**BACKGROUND**

         In his application petitioner challenges the December 27, 2005 decision by the Board of Parole Hearings (hereinafter "Board") to deny him parole. (Am. Pet. at 1.) Petitioner contends that the Board's multi-year denial of parole in his case is without evidentiary support, demonstrates abuse of discretion, and violates his due process rights under the state and federal constitution. (Id.)

1

1         On May 26, 2006, petitioner filed a petition for writ of habeas corpus with the
2 Santa Clara County Superior Court challenging the Board's decision.  (Resp't's Mot. to Dismiss,
3 Ex. 2.)  The court denied his petition on the merits on July 10, 2006.  (Id., Ex. 3.)  On or about
4 October 24, 2006, petitioner filed a petition for writ of habeas corpus with the California Court of
5 Appeal for the First Appellate District.  (Id., Ex. 6.)  On November 9, 2006, the Court of Appeal
6 denied the petition without prejudice to filing a petition in the Court of Appeal for the Sixth
7 Appellate District.  (Id., Ex. 7.)  On December 21, 2006, petitioner filed a petition for writ of
8 habeas corpus with the California Court of Appeal for the Sixth Appellate District.  (Id., Ex. 8.)
9 The Sixth District Court of Appeal summarily denied the petition on January 12, 2007.  (Id., Ex.
10 9.)  On March 8, 2007, petitioner filed a petition for writ of habeas corpus with the California
11 Supreme Court.  (Id., Ex. 10.)  The California Supreme Court denied the petition apparently with
12 a bare citation to the decision in People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (Id., Ex. 11.)
13 Petitioner filed his original petition in this court on October 22, 2007 and his amended petition
14 on November 15, 2007.

## RESPONDENT'S MOTION TO DISMISS

16 I. Respondent's Motion

17         Respondent argues that petitioner failed to fairly present his federal claims to the
18 state's highest court as required.  (Resp't's Mot. to Dismiss at 3.)  Specifically, respondent argues
19 that the California Supreme Court denied petitioner's state habeas petition with a citation to
20 People v. Duvall.  (Id.)  The California Supreme Court has held that a habeas petitioner in this
21 state bears "a heavy burden initially to plead sufficient grounds for relief" and to satisfy that
22 burden should in the petition (1) state fully and with particularity the facts on which relief is
23 sought, and (2) include copies of reasonably available documentary evidence supporting the
24 claim, including pertinent portions of trial transcripts and affidavits or declarations.  (Id. at 4)
25 (citing Duvall, 9 Cal. 4th at 474).
26 /////

1    Respondent contends that the California Supreme Court's citation to <u>Duvall</u>, made
2 clear that the state high court denied petitioner's petition based on the insufficiency of the
3 petition. (<u>Id.</u>) Respondent argues that a citation to <u>Duvall</u> is equivalent to the court declining
4 review because the claims raised in the petition were procedurally deficient and maintains that
5 the denial of petitioner's state petition on a state procedural ground demonstrates that petitioner
6 has failed to exhausted his state remedies. (<u>Id.</u>) Respondent concludes that since the state high
7 court was not given a fair opportunity to address the merits of petitioner's claims, this court
8 should dismiss the petition before it for failure to comply with the exhaustion requirement.
9 II. <u>Petitioner's Opposition</u>
10    In opposition to the motion to dismiss, petitioner argues he provided the highest
11 state court with a full and fair opportunity to consider all of his claims. (Pet'r's Opp'n to
12 Resp't's Mot. to Dismiss at 1.) Petitioner contends that respondent does not and cannot point to
13 any claim in his federal petition before this court that was not fully and fairly presented to the
14 state's highest court. (<u>Id.</u> at 2.) Petitioner argues that the "real problem" here is that state courts
15 routinely fail to follow state habeas corpus rules, and procedures. (<u>Id.</u>) For example, petitioner
16 argues that the factual allegations and evidence in his petition filed with the state courts
17 established a prima facie case for relief, but those courts simply passed the responsibility on to
18 the federal court to adjudicate the petition. (<u>Id.</u>)
19    Petitioner contends that respondent's attempt to transform <u>Duvall's</u> pleading and
20 requirements into a procedural bar to federal habeas review must fail because the decision of the
21 California Supreme Court in <u>Duvall</u> has never been read to construct such a bar. (Pet'r's Opp'n
22 to Resp't's Mot. to Dismiss at 2-3.) Petitioner contends that at most a citation to <u>Duvall</u> merely
23 conveys a conclusion by the California Supreme Court that he failed to state a prima facie case
24 for relief. (<u>Id.</u> at 3.) Petitioner notes that, even if the decision in <u>Duvall</u> did create a potential
25 procedural bar to federal court habeas review, it would not be an "adequate or independent" state
26 /////

1  law ground for denial of relief in this case. Accordingly, petitioner concludes that the court
2  should deny respondent's motion to dismiss.
3  III. <u>Respondent's Reply</u>
4        Respondent reiterates the arguments advanced in his motion and notes that
5  petitioner could have attempted to cure the defect by renewing his petition before the California
6  Supreme Court with sufficient particularity, but instead filed his federal petition. (Resp't's Reply
7  at 2.) In so doing, respondent contends that, petitioner failed to exhaust his state remedies. (<u>Id.</u>)
8        **ANALYSIS**
9  I. <u>Exhaustion of State Remedies</u>
10       State courts must have the first opportunity to decide a state prisoner's habeas
11 corpus claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S.
12 509, 518-19 (1982)). In general, a state prisoner's application for a writ of habeas corpus will not
13 be granted unless "the applicant has exhausted the remedies available in the courts of the State."
14 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement
15 unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). A
16 petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all
17 federal claims before presenting the claims to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364,
18 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). A federal claim is fairly presented if
19 the petitioner has described the operative facts and the federal legal theory upon which his claim
20 is based. <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999); <u>see</u> also <u>Bland v. California</u>
21 <u>Department of Corrections</u>, 20 F.3d 1469, 1473 (9th Cir. 1994), <u>overruled on other grounds by</u>
22 <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000). Thus, a claim is unexhausted where the
23 /////
24 /////
25 /////
26 /////

petitioner did not fairly present the factual[1] or legal basis for the claim to the state court.  See Picard v. Connor, 404 U.S. at 275.

II.  Discussion

The California Supreme Court denied petitioner's habeas petition without comment and with a bare citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (Resp't's Mot. to Dismiss, Ex. 11.)  Respondent relies entirely on that bare citation in claiming a failure to exhaust.

In his petition for writ of habeas corpus in the California Supreme Court petitioner clearly challenged on federal due process grounds the December 27, 2005 decision of the Board denying him parole.  (Resp't's Mot. to Dismiss, Ex. 10.)   The petition filed with the California Supreme Court, included an exhibit list indicating that petitioner had submitted exhibits designated "A" through "Z" and spanning two volumes.  (Resp't's Mot. to Dismiss, Ex. 10.)  Exhibit B is described as "Challenged 12/27/05 BPT Decision (2 year denial)." (Id.)  Moreover, throughout the twenty-eight page type-written petition filed with the California Supreme Court petitioner made specific reference to the challenged Board decision and its contents, including the evidence relied upon by the Board, by citing the numbered pages of the decision.

As one District Judge has recently concluded under almost the exact circumstances presented here:

---

[1] "[N]ew factual allegations do not ordinarily render a claim unexhausted."  Beatty v. Stewart, 303 F.3d 975, 989 (9th Cir. 2002).  A claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already considered by the state courts."  Vasquez v. Hillery, 474 U.S. 254, 260 (1986).  See also Beatty, 303 F.3d at 989-90; Weaver, 197 F.3d at 364.  It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court.  Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994) (emphasis in original).  The introduction of new evidence effects the fair presentation requirement when it "substantially improves the evidentiary basis" for petitioner's claims.  Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988).  New factual allegations that are merely cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion.  Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986).  See also Weaver, 197 F.3d at 364 (acknowledging that although the "precise factual predicate" for a claim had changed after the evidentiary hearing in federal court, the claim remained rooted in the same incident and was therefore exhausted).

> In addition, in numerous places throughout the petition filed with the California Supreme Court, Petitioner makes specific references to the exhibits by page number. In the absence of certification that the Petition appended by Respondent to the motion to dismiss is the complete petition filed with the California Supreme Court, this Court is unable to determine whether *Duvall* was an adequate independent state-law ground for denial. If the enumerated exhibits were in fact appended to the Petition, this Court is at a loss as to what further supporting documentation was needed.

Walker v. Kramer, No. 2:07-cv-00803-JKS-CMK, 2008 WL 356965,* 2 (E.D. Cal. Feb. 8, 2008).

Accordingly, the court concludes that respondent's motion to dismiss should be denied without prejudice. (Id.)

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 2, 2008 motion to dismiss be denied; and

2. If these findings and recommendation are adopted, within 45 days of the date of the order so adopting them, respondent be ordered to file a response to the petition and petitioner be ordered to file his traverse, if any, within 30 days after service of that response.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bett2246.157

6